United States District Court
Southern District of Texas
FILED

SEP 18 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
September 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AARON JAMES BAZAN, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:23-CV-0095 |
| | § |
| HIDALGO COUNTY DETENTION CENTER, | § |
| | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION

Plaintiff AARON JAMES BAZAN seeks redress for violations of his constitutional rights during his pretrial incarceration at the Hidalgo County Adult Detention Center (the "Detention Center"), claiming that officials were indifferent to his medical needs. Twice now, Plaintiff has failed to comply with orders that he file an updated application to proceed in forma pauperis since his release from the Detention Center. Indeed, given the circumstances, Plaintiff appears to have simply lost interest in pursuing this lawsuit.

This case has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and the relevant law, the Magistrate Judge RECOMMENDS that this case be DISMISSED for the failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I. PROCEDURAL BACKGROUND

On March 22, 2023, the Clerk of Court received Plaintiff's complaint, which was sent from the Detention Center and dated March 18th. (Dkt. No. 1). Through the complaint, Plaintiff seems to take issue with the lack of treatment provided by the Detention Center for his mental health.

(*See id.*). Jail records show that Plaintiff was taken into custody on or around March 8th for driving while intoxicated.[1]

On March 28th, the Magistrate Judge ordered Plaintiff to either pay the fee associated with the filing of a civil action or submit an application to proceed in forma pauperis. (Dkt. No. 2). Compliance was ordered within thirty days. (*Id.* at 2). Plaintiff was specifically warned that failure to comply could result in the dismissal of his case for lack of prosecution under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*).

On March 30th, the clerk received Plaintiff's form application to proceed in forma pauperis. (Dkt. No. 3).

On April 7th, however, the clerk received a notice of change of address, whereby Plaintiff advised that he had been released from the Detention Center and had moved to a residential address in Edinburg, Texas.[2] (Dkt. No. 5).

On May 15th, the Magistrate Judge ordered Plaintiff to submit an updated application to proceed in forma pauperis so that he could explain any new sources of income since his release from the Detention Center. (Dkt. No. 6). Plaintiff was ordered to comply within thirty days. (*Id.* at 1). He was also warned that failure to do so could result in the dismissal of his case under Rule 41. (*Id.*). The order was sent by the clerk to Plaintiff's updated address. Plaintiff, however, failed to make the required submission within the ordered timeframe.

On July 13th, the Magistrate Judge again ordered Plaintiff to submit an updated in forma pauperis application. (Dkt. No. 7). As before, Plaintiff was ordered to comply within thirty days and warned that failure to do so could result in a Rule 41 dismissal. (*Id.*).

---

[1] Plaintiff's name can be used to find his jail records through the Hidalgo County Records Inquiry page at https://pa.co.hidalgo.tx.us/JailingSearch.aspx?ID=400.

[2] According to Plaintiff's jail records, he was released from custody on April 4th.

Now, more than thirty days have passed, but Plaintiff has failed to submit an updated in forma pauperis application or otherwise contact the court.

## II. LEGAL STANDARDS

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court may also dismiss an action sua sponte under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority derives from a court's inherent power to control its docket, prevent undue delays in the disposition of cases, and avoid congested calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A Rule 41(b) dismissal may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("Unless an involuntary order of dismissal specifies that it is without prejudice, . . . it 'operates as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b)).

Dismissal with prejudice is reserved for the most egregious cases, where there is a clear record of delay or contumacious conduct, and lesser sanctions would not serve the best interests of justice. *Id.* Such a dismissal must be based on at least one of three aggravating factors: (i) delay caused by the plaintiff themselves and not their attorney; (ii) actual prejudice to the defendant; or (iii) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). If a plaintiff would be barred from re-asserting their claims because the statute of limitations period has expired, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and subject, therefore, to the same heightened standard. *Id.*

"While a court should be appropriately lenient with a party who is proceeding pro se, the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rodriguez-Madrigal v. United States*, 2016 WL 6581339, at *3

(S.D. Tex. Oct. 10, 2016) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)) (quotations omitted), *report and recommendation adopted*, 2016 WL 6583717 (S.D. Tex. Nov. 3, 2016).

## III. ANALYSIS

Here, Plaintiff has failed to comply with two court orders to pay his filing fee or apply for in forma pauperis status, which supports a Rule 41(b) dismissal. *See Jones v. Meier*, 2002 WL 31936492, at *1-2 (N.D. Tex. Dec. 16, 2002) (case dismissed pursuant to Rule 41(b) where prisoner-plaintiff failed to respond to two orders that he either pay the civil action filing fee or seek leave to proceed in forma pauperis).

It bears noting that the heightened dismissal-with-prejudice standard does not apply to Plaintiff's claim for medical indifference because the limitations period has yet to expire. The generally applicable limitations period borrowed from Texas law is at least two years. *See A.W. v. Feenstra*, 2015 WL 4537750, at *6 (S.D. Tex. July 27, 2015) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995)). Only around six months have passed since Plaintiff was taken to the Detention Center and received the supposedly inadequate medical treatment.

## IV. CONCLUSION

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that Plaintiff's civil rights action be DISMISSED for the failure to prosecute pursuant to Rule 41(b).

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report

and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff at the address currently on record by any receipted means.

DONE at McAllen, Texas this 18th day of September 2023.

J. SCOTT HACKER
United States Magistrate Judge